**IN THE COURT OF APPEALS OF IOWA**

No. 19-2030
Filed February 19, 2020

**IN THE INTEREST OF P.K.,**
**Minor Child,**

**L.W., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

    A mother appeals the termination of her parental rights. **AFFIRMED.**

    William E. Sales III of Sales Law Firm, P.C., Des Moines, for appellant mother.

    Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

    Kayla Stratton of the Des Moines Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

    Considered by Mullins, P.J., Schumacher, J., and Vogel, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

The mother of P.K. appeals the termination of her parental rights. Prior to P.K.'s birth in April 2019, the mother's parental rights to four other children were terminated due to her long history of unresolved mental-health and substance-abuse issues. The mother admitted to using methamphetamine during her pregnancy with P.K., as confirmed in a positive drug screen on March 11. Due to her history of mental-health and drug-abuse issues, the Iowa Department of Human Services (DHS) removed P.K. soon after his birth. DHS placed P.K. with a family friend and then with a foster family, where P.K. remained throughout these proceedings. On May 10, the juvenile court adjudicated P.K. a child in need of assistance. After the mother failed to meaningfully comply with various services offered by DHS, the State moved to terminate her parental rights. On November 1, the matter came on for hearing. On November 21, the court issued an order terminating the mother's parental rights on several grounds.[1]

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's factual findings, but they do not bind us. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). The paramount concern is the child's best interests. *Id.*

On appeal, the mother argues the State failed to prove the statutory grounds for termination under Iowa Code section 232.116(e), (g), and (h) (2019).[2] "[W]e

---

[1] The juvenile court terminated the father's parental rights in the same order. He does not appeal.

[2] The mother does not argue termination is not in P.K.'s best interests or any permissive factors preclude termination. *See* Iowa Code § 232.116(2), (3); *see also P.L.*, 778 N.W.2d at 39 (describing the three-step analysis for termination of

may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

The mother concedes the first three elements of section 232.116(1)(h),[3] but she argues the State failed to prove the fourth element: that P.K. could not be returned to her custody at the time of the hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). The mother has experienced years of substance-abuse and mental-health issues. Since P.K.'s birth, the mother underwent a substance-abuse evaluation on April 5 and again on July 8, and she underwent a psychological evaluation on September 5. The psychologist who evaluated her mental health noted the mother's "persistent pattern of psychophysiological dysregulation resulting in extreme, explosive, and socially unacceptable anger and aggression" and expressed "grave concerns" over her ability to regulate her anger when interacting with a child. The mother acknowledged at the termination hearing she had not yet participated in any treatment recommendations from the substance-abuse or mental-health

---

parental rights). We need not review any step of the three-step analysis that the parent does not challenge on appeal. *See P.L.*, 778 N.W.2d at 40.

[3] Under section 232.116(1)(h), the court may terminate parental rights if it finds all of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

evaluations.  She also denied the psychologist's finding that she has any mental-health issues.  Finally, although DHS initially offered three ninety-minute visits per week with P.K., she has only sporadically attended visitation.

Because of the mother's unaddressed substance-abuse and mental-health issues and other concerns contained in the record, we find clear and convincing evidence P.K. cannot be returned to the mother's care, thus satisfying the grounds for termination under section 232.116(1)(h).  To the extent the mother requests additional time for reunification, we reject the request.  *See* Iowa Code § 232.104(2)(b) (allowing the court to authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"); *see also In re D.S.*, 806 N.W.2d 458, 474 (Iowa Ct. App. 2011)  ("We will not gamble with a child's future by asking him to continuously wait for a stable biological parent, particularly at such a tender age.").  Therefore, we affirm the termination of the mother's parental rights.

**AFFIRMED.**